UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MAURO A. MORALES
and other similarly-situated individuals,

    Plaintiff(s),

v.

QUALITY BUILDING SERVICES CORP.,
a/k/a QBS,
and ANA MARIA TREJO, individually

    Defendants,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, MAURO A. MORALES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants QUALITY BUILDING SERVICES CORP., a/k/a QBS and ANA MARIA TREJO, individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation, unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MAURO A. MORALES is a resident of Broward County; Plaintiff is a covered employee for purposes of the Act. (Plaintiff's complete name is Mauro Antonio Morales Campos).

3. Defendant QUALITY BUILDING SERVICES CORP. a/k/a QBS (hereinafter QBS or Defendant) is a New York corporation, doing business in Miami-Dade County, Florida,

where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant ANA MARIA TREJO was and is now, manager of Defendant Corporation QBS. The individual Defendant ANA MARIA TREJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff MAURO A. MORALES to recover from Defendants minimum wages, overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant QBS. is a provider of cleaning, maintenance, and related services to office buildings, shopping malls and other commercial accounts.

8. Defendants QBS, and ANA MARIA TREJO employed Plaintiff MAURO A. MORALES as a non-exempt full time cleaning employee from approximately March 7, 2017, to March 19, 2017, or 2 weeks.

9. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

10. Plaintiff worked under the supervision of manager ANA MARIA TREJO and housekeeping supervisor Sandra Medina. Plaintiff performed his work at Cityplace Doral, shopping mall in Doral, Florida.

11. Plaintiff had an irregular schedule. During the first week of employment with Defendants Plaintiff worked 6 days from Tuesday to Sunday 50 hours (Plaintiff has deducted 3 hours of lunch break for this week). Plaintiff was paid $400.00, but he was not paid for 10 overtime hours.

12. During his second week of employment, Plaintiff worked from Monday to Sunday a total of 64 hours. (Plaintiff has deducted 3.5 hours of lunch break). For this week, Plaintiff was not paid neither his regular wages, nor his overtime hours.

13. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all hours worked at any rate. Plaintiff was not paid even at the minimum wage as required by law. In addition, Defendants did not pay Plaintiff for overtime hours at the rate of time and a half his regular hourly rate.

14. Plaintiff received just one week of regular wages, or $400.00.

15. After his first week of employment, on or about March 12, 2017, Plaintiff complained about the missing payment for overtime hours with his supervisor Sandra Medina, and with manager ANA MARIA TREJO. Plaintiff was told that he could be paid later.

16. The following week, Plaintiff did not receive his paycheck for regular and overtime hours.

17. Therefore, Defendants failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

18. Thus, on or about March 19, 2017, Plaintiff complained again with supervisor Sandra Medina, and with manager ANA MARIA TREJO about his missing payment for regular, and overtime hours.

19. As a result, the same day March 19, 2017 Defendants fired Plaintiff. Plaintiff alleges that he was fired due to his complaints requesting his hard-earned wages.

20. Plaintiff MAURO A. MORALES seeks to recover unpaid regular wages and overtime hours at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<b><u>COUNT I:<br>
WAGE AND HOUR FEDERAL STATUTORY VIOLATION;<br>
FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS</u></b>

22. Plaintiff MAURO A. MORALES re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff MAURO A. MORALES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant QBS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a commercial cleaning and maintenance company. Defendant uses the instrumentalities of interstate commerce.

Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and Plaintiff activities were directed to the maintenance of a shopping mall, which hosted multitude of business engaged in interstate commerce Therefore, there is FLSA individual coverage.

26. Defendants QBS, and ANA MARIA TREJO employed Plaintiff MAURO A. MORALES as a non-exempt full time cleaning employee from approximately March 7, 2017, to March 19, 2017, or 2 weeks.

27. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

28. Plaintiff had an irregular schedule. During the first week of employment with Defendants Plaintiff worked 6 days from Tuesday to Sunday 50 hours (Plaintiff has deducted 3 hours

of lunch break for this week). Plaintiff was paid $400.00, but he was not paid for 10 overtime hours.

29. During his second week of employment, Plaintiff worked from Monday to Sunday a total of 64 hours. (Plaintiff has deducted 3.5 hours of lunch break). For this week, Plaintiff was not paid neither his regular wages, nor his overtime hours.

30. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all hours worked at any rate. Plaintiff was not paid even at the minimum wage as required by law. In addition, Defendants did not pay Plaintiff for overtime hours at the rate of time and a half his regular hourly rate.

31. Plaintiff received just one week of regular wages, or $400.00.

32. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for overtime hours, at any rate, not even at the minimum wage rate.

33. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

35. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Five Hundred Ten Dollars and 00/100 ($510.00)

   b. <u>Calculation of such wages:</u>

   Relevant weeks of employment: 2 weeks
   Regular rate: $10.00 x 1.5= $15.00 O/T rate

   1.- **Overtime from March 7, 2017 to March 12, 2017 = 10 O/T hours**
       Total hours worked: 50 hours
       Total unpaid O/T hours: 10 hours

   $15.00 O/T rate x 10 hours=$150.00

   2.- **Overtime from March 13, 2017 to March 19, 2017 = 24 O/T hours**
       Total hours worked: 64 hours
       Total unpaid O/T hours: 24 hours

   $15.00 O/T rate x 24 hours=$360.00

   Total 1 and 2: $510.00

   <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid overtime wages.

37. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. At times mentioned, individual Defendant ANA MARIA TREJO was the manager of QBS. Defendant ANA MARIA TREJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of QBS in relation to its employees, including Plaintiff and others similarly situated. Defendant ANA MARIA TREJO had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

40. Defendants QBS, and ANA MARIA TREJO, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAURO A. MORALES and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MAURO A. MORALES and other similarly-situated individuals and against the Defendants QBS, and ANA MARIA TREJO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq.; and

B. Award Plaintiff MAURO A. MORALES, actual damages in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MAURO A. MORALES demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS

42. Plaintiff MAURO A. MORALES re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff MAURO A. MORALES and those similarly-situated to recover from the Employer QBS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

44. Defendant QBS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a commercial cleaning and maintenance company. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities

of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

45. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and Plaintiff activities were directed to the maintenance of a shopping mall, which hosted multitude of business engaged in interstate commerce Therefore, there is FLSA individual coverage.

46. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

47. Defendants QBS, and ANA MARIA TREJO employed Plaintiff MAURO A. MORALES as a non-exempt full time cleaning employee from approximately March 7, 2017, to March

19, 2017, or 2 weeks.

48. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

49. During his relevant employment period with Defendants, Plaintiff was a full-time employee, and he worked in excess of 40 hours.

50. Plaintiff had an irregular schedule. During the first week of employment with Defendants Plaintiff worked 6 days from Tuesday to Sunday 50 hours (Plaintiff has deducted 3 hours of lunch break for this week). Plaintiff was paid $400.00, for 40 regular hours.

51. During his second week of employment, Plaintiff worked from Monday to Sunday a total of 64 hours. (Plaintiff has deducted 3.5 hours of lunch break). For this week, Plaintiff was not paid his regular wages.

52. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all hours worked at any rate. Plaintiff was not paid even at the minimum wage as required by law.

53. The records, if any, concerning the number of hours worked by Plaintiff MAURO A. MORALES, and all other similarly- situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

54. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

55. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

56. *Florida minimum wage is $8.10, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    Three Hundred Twenty-Four Dollars and 00/100 ($324.00)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment 2
    Total unpaid weeks:   1 week
    Total regular hours worked: 40 hours weekly
    Federal minimum wage:  $7.25
    Florida minimum wage:  $8.10

    2017 Fl. minimum wage $8.10 x 40 hrs.= $324.00

    c. <u>Nature of wages</u>:

    This amount represents unpaid minimum wages.

57. Defendant QBS unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

58. Defendant QBS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

59. At times mentioned, individual Defendant ANA MARIA TREJO was the manager of QBS, respectively. Defendant ANA MARIA TREJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of QBS in

relation to its employees, including Plaintiff and others similarly situated. Defendant ANA MARIA TREJO had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

60. Defendants QBS, and ANA MARIA TREJO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAURO A. MORALES and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MAURO A. MORALES and against the Defendants QBS, and ANA MARIA TREJO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MAURO A. MORALES and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

62. Plaintiff MAURO A. MORALES re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

63. Defendant QBS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

64. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to entities engaged in interstate commerce.

65. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

66. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

67. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

68. Defendants QBS, and ANA MARIA TREJO employed Plaintiff MAURO A. MORALES as a non-exempt full time cleaning employee from approximately March 7, 2017, to March 19, 2017, or 2 weeks.

69. Plaintiff was hired to work five days/40 hours per week, with a wage rate of $10.00 an hour or $400.00 weekly.

70. Plaintiff had an irregular schedule. During the first week of employment with Defendants Plaintiff worked 6 days from Tuesday to Sunday 50 hours (Plaintiff has deducted 3 hours of lunch break for this week). Plaintiff was paid $400.00, but he was not paid for 10 overtime hours.

71. During his second week of employment, Plaintiff worked from Monday to Sunday a total of 64 hours. (Plaintiff has deducted 3.5 hours of lunch break). For this week, Plaintiff was not paid neither his regular wages, nor his overtime hours.

72. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all hours worked at any rate. Plaintiff was not paid even at the minimum wage as required by law. In addition, Defendants did not pay Plaintiff for overtime hours at the rate of time and a half his regular hourly rate.

73. Plaintiff received just one week of regular wages, or $400.00.

74. After his first week of employment, on or about March 12, 2017, Plaintiff complained about the missing payment for overtime hours with his supervisor Sandra Medina, and with manager ANA MARIA TREJO. Plaintiff was told that he could be paid later.

75. The following week, Plaintiff did not receive his paycheck for regular and overtime hours.

76. Therefore, Defendants failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

77. On or about March 19, 2017, Plaintiff complained again about his missing payment for regular, and overtime hours.

78. These complaints constituted protected activities under the Fair Labor Standards Act.

79. As a result, the same day March 19, 2017 Defendants fired Plaintiff. Plaintiff alleges that he was fired due to his complaints requesting his hard-earned wages.

80. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

81. The termination of Plaintiff MAURO A. MORALES by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about regular and overtime payment, in violation of Federal Law.

82. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on the same day March 19, 2016.

83. At the times mentioned, individual Defendant ANA MARIA TREJO was the manager of QBS. Defendant ANA MARIA TREJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of QBS in relation to its employees, including Plaintiff and others similarly situated. Defendant ANA MARIA TREJO had absolute financial and operational control of the Corporation, determined terms

and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

84. Defendants QBS, and ANA MARIA TREJO willfully and maliciously retaliated against Plaintiff MAURO A. MORALES by engaging in retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

85. The Defendants' termination of Plaintiff MAURO A. MORALES was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

86. Plaintiff MAURO A. MORALES has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAURO A. MORALES respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants QBS, and ANA MARIA TREJO that Plaintiff MAURO A. MORALES recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses;

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MAURO A. MORALES further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff MAURO A. MORALES demands trial by jury of all issues triable as of right by jury.

Dated: May 17, 2017

                                                Respectfully submitted

                                                By: **/s/ Zandro E. Palma**
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd.
                                                Suite 1500
                                                Miami, FL 33156
                                                Telephone: (305) 446-1500
                                                Facsimile: (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*